FILED '09 APR 10 13:06 USDC-ORE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

LAVRENTI L. BASARGIN,

        Petitioner,         Civil No. 07-1803-TC

        v.                  FINDINGS AND
                              RECOMMENDATION

STATE OF OREGON,

        Respondent.

COFFIN, Magistrate Judge.

    Petitioner filed a petition under 28 U.S.C. § 2254 challenging July 10, 2002 convictions for Robbery in the First Degree with a Firearm, Possession of a Controlled Substance, Burglary in the First Degree, Theft in the First Degree,, Aggravated Theft in the First Degree, and Burglary in the Second Degree.

1 - FINDINGS AND RECOMMENDATION

Petitioner did not directly appeal his convictions.

Respondent's Answer (#17) and Exhibits (#18) establish that petitioner signed a petition for post-conviction relief on October 3, 2003, but the court denied relief. The Oregon Court of Appeals summarily affirmed and the Oregon Supreme Court denied review. The appellate judgment issued on November 29, 2007.

Under 28 U.S.C. § 2244(d), a petitioner has one year from the date a direct appeal is final to file a federal habeas corpus petition. The one year limitations period is tolled during the time a state collateral proceeding is pending. Time elapsed after finality and before collateral filing, and time after final collateral disposition and before federal filing counts against the year. <u>Nino v. Galaza</u>, 183 F.3d 1003 (9th Cir. 1999).

Between August 9, 2002, the latest date on which petitioner could have filed a notice of appeal in the Oregon Court of Appeals, and October 3, 2003, the date on which petitioner signed a petition for post-conviction relief, 420 days elapsed. Between November 29, 2007, the date on which the appellate judgment issued in the post-conviction proceeding, and December 8, 2007, the date on which petitioner

2 - FINDINGS AND RECOMMENDATION

signed the petition in this case, nine days elapsed. In sum, 429 days elapsed from the date of the judgment challenged in this proceeding and the date petitioner filed his 28 U.S.C. § 2254 petition.

By Order (#22) entered November 23, 2008, petitioner was advised that the AEDPA's limitations period may be equitably tolled if extraordinary circumstances beyond a prisoner's control made it impossible to file on time. Petitioner was allowed 30 days to file a reply brief or show cause why respondent's motion to dismiss his claims as untimely should not be allowed.

Petitioner has not disputed respondent's evidence that his petition was not filed within the limitations period or alleged any facts that would establish equitable tolling.

Petitioner's Petition (#1) should be denied. This proceeding should be dismissed.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment or appealable order. The parties shall have ten days from the date of service of a copy of this

3 - FINDINGS AND RECOMMENDATION

recommendation within which to file specific written objections. Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo consideration of the factual issue and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judges's recommendation. This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment or appealable order. The parties shall have ten days from the date of service of a copy of this recommendation within which to file specific written objections. Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo consideration of the factual issue and will constitute a waiver of a party's right to appellate review of the findings

/////

/////

/////

of fact in an order or judgment entered pursuant to the Magistrate Judges's recommendation.

DATED this ~~31st~~ 10t day of ~~March~~ April, 2009.

Thomas M. Coffin
United States Magistrate Judge

5 - FINDINGS AND RECOMMENDATION